# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ALAN J. PHIPPS,** <br> Plaintiff, <br> v. <br> **UNITED STATES POSTAL SERVICE, et al.,** <br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:09-cv-102-CW-PMW** <br><br> **District Judge Clark Waddoups** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Alan J. Phipps's ("Plaintiff") motion for a hearing on Postmaster General John E. Potter's ("Defendant") motion to dismiss;[2] (2) Plaintiff's motion for appointment of counsel;[3] (3) Defendant's motion to strike Plaintiff's attempted surreply;[4] and (4) Plaintiff's motion to refer case to arbitration.[5]

The court has carefully reviewed these motions and memoranda. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects

---

[1] *See* docket no. 4.

[2] *See* docket no. 35.

[3] *See* docket no. 22.

[4] *See* docket no. 31.

[5] *See* docket no. 34.

to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f). Accordingly, Plaintiff's motion for a hearing on Defendant's motion to dismiss[6] is **DENIED**.

## A. Motion to Appoint Counsel

Plaintiff moves this court a second time for the appointment of counsel.[7] As this court stated in its decision denying Plaintiff's first motion, Plaintiff has no constitutional right to counsel.[8] *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). "Rather, a court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Id.*; *see also* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citation omitted).

Because Plaintiff's claims are not complex and he appears to be able to competently present his claims, the court **DENIES** Plaintiff's motion.[9] That said, in its Report and Recommendation issued earlier today, this court recommended that the district court transfer this matter to the Middle District of Florida. Therefore, in the event that the district court adopts this

---

[6] *See* docket no. 35.

[7] *See* docket no. 5.

[8] *See* docket no. 7.

[9] *See* docket no. 22.

court's Report and Recommendation, Plaintiff may file a motion for the appointment of counsel in that forum.

### B.  Motion to Strike Attempted Surreply

Defendant moves this court to strike Plaintiff's surreply in opposition to Defendant's motion to dismiss and transfer venue.  Defendant argues that Plaintiff's surreply is redundant and filed in violation of local civil rule 7-1(b)(3)(A).  *See* DUCivR 7-1(b)(3)(A).  The court is not persuaded by Defendant's argument.  As such, Defendant's motion to strike[10] is **DENIED**.

### C.  Motion to Refer to Arbitration

Plaintiff moves this court to refer this matter to arbitration.  As stated above, this court has recommended to the district court that the remainder of this case be transferred to the Middle District of Florida.  As such, Plaintiff's motion[11] has been rendered **MOOT** at this time.  In the event that the district court adopts this court's Report and Recommendation, Plaintiff may choose to renew his motion in that forum.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[10] *See* docket no. 31.

[11] *See* docket no. 34.