IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALAN J. PHIPPS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:09-cv-102 CW PMW |

In this action, Plaintiff Alan Phipps has brought claims against Postmaster General John

E. Potter under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, and the

Rehabilitation Act, 29 U.S.C. § 794(a).[1]  This case was assigned to United States District Court

Judge Clark Waddoups, who then referred it to United States Magistrate Paul M. Warner under

28 U.S.C. § 636(b)(1)(B).  Defendant Postmaster General Potter has moved to dismiss for lack of

jurisdiction, lack of venue, and to transfer venue.

On March 14, 2011, Judge Warner issued a Report and Recommendation recommending

that Counts I through V of Mr. Phipps' complaint be dismissed for failure to exhaust

administrative remedies as required by the Rehabilitation Act and the ADEA.  The R & R further

recommended that the remainder of the action be transferred to the Middle District of Florida.

Mr. Phipps filed timely an objection to the R & R.

The court has reviewed *de novo* the issues raised by Mr. Phipps' objections and overrules

---

[1] While the United States Postal Service is listed as the defendant in the caption of the
complaint, Mr. Phipps identifies Postmaster General Potter as the sole defendant in the body of his
complaint. Accordingly, the court understands Postmaster General Potter in his official capacity to
be the sole defendant in this action.

them. As mentioned, the R & R recommended that Counts I through V be dismissed for failure to exhaust administrative remedies. Failing to exhaust administrative remedies means that before Mr. Phipps is allowed to bring a claim in federal district court, he is required to go through the administrative process as spelled out in federal statute and regulations. That process is initiated by filing papers with the appropriate government agency within a specified period of time after an incident. This time limit begins when the discriminatory act occurs, even if the employee does not consider the act to be discriminatory until later. While Mr. Phipps asserts that he made considerable efforts seeking relief from his supervisors for the incidents described in these counts, such efforts are not part of the administrative process set out in the statute. The only count for which Mr. Phipps met these statutory requirements is Count VI, concerning his termination from the USPS. Because Mr. Phipps has not established that his failure to exhaust administrative remedies should be excused, his objection is overruled.

Mr. Phipps should note that while Counts I through V are dismissed as causes of action, he may still attempt to use the incidents described in those counts as evidence of alleged discrimination. Whether such evidence will be deemed relevant or admissible, however, is not for this court to decide.

This court agrees with the R & R that this district is an improper venue for the Rehabilitation Act claim as governed by 29 U.S.C. § 794a(a)(1) and 42 U.S.C. § 2000e-5(f)(3). While this court may choose to retain jurisdiction over the ADEA claim pursuant to 28 U.S.C. § 1391(e), the Postmaster has sufficiently proved that the interests of judicial economy are better served through a transfer under 28 U.S.C. § 1404(a).

Although the court is sympathetic to Mr. Phipps' financial and health-related difficulties,

the District of Utah is not a proper venue for his claim. The Rehabilitation Act is governed by a strict venue provision that forbids this court to hear Mr. Phipps' claim under that Act. 29 U.S.C. § 794a(a)(1); 42 U.S.C. § 2000e-5(f)(3). If this court were to retain Mr. Phipps' suit, it would only be able to analyze Mr. Phipps' termination from the USPS under the ADEA for age discrimination. It could not, however, consider his claims of discrimination based on disability. The court in the Middle District of Florida, on the other hand, will be able to hear the case in its entirety. By doing so, that court will be able to consider Mr. Phipps' claims of disability and age discrimination together.

For the foregoing reasons, the court hereby APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety. Counts I through V of the Complaint are DISMISSED for lack of subject matter jurisdiction. The remaining counts of the complaint are hereby TRANSFERRED to the Middle District of Florida.

SO ORDERED this 4th day of August, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge